UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN COOPER,

    Plaintiff,

v.

UNIVERSITY OF WASHINGTON, *et al.*,

    Defendants.

No. 06-1365RSL

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE LATE AND OVERLENGTH RESPONSE

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion to file a late and overlength response to defendants' motion for summary judgment (Dkt. #15). Defendants filed their motion for summary judgment on August 16, 2007 and properly noted it for September 7, 2007. Under the local rules, plaintiff's response was due to the Court on September 4, 2007. Plaintiff's counsel failed to file plaintiff's response on that date and did not seek leave of the Court to file a late response until September 6, 2007, two days after the response was due. In addition to her request for leave to file plaintiff's response late, plaintiff's counsel also now seeks to file a response in excess of the page limits imposed by the local rules. For the reasons

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO FILE LATE
AND OVERLENGTH RESPONSE - 1

discussed below, the Court grants plaintiff's motion in part and denies it in part.

## II.  DISCUSSION

**A.      Request for Leave to File Late Response**

Local Rule 7(3)(d) states in relevant part:

> [A]ll dispositive motions shall be noted for consideration no earlier than the fourth Friday after filing and service of the motion.  Any opposition papers shall be filed and served not later than the Monday before the noting date . . . Any reply papers shall be filed and served no later than the noting date.

Plaintiff's counsel asserts two reasons for her failure to file a response in accordance with this rule.  The first is ignorance – she claims that she mistakenly believed "that the pending summary judgment '**response**' was due under new rules on the noting date, September 7th, 2007 when the clerk actually indicated that the '**reply**' would be due on that date."  Plaintiff's Motion at p. 2 (emphasis in original).  She contends that she only realized that this understanding was incorrect on 8:00 a.m. on September 6, 2007.   Counsel's ignorance of one of the most basic rules of procedure imposed by the local rules is difficult for the Court to believe.  Even if such an explanation were believed, it would serve as an extremely weak justification for the relief plaintiff's counsel now seeks.

The more logical and believable explanation for the failure of counsel to file the response on time lies with her second explanation, which is that she was not able to secure key declarations until the week leading up to her filing on September 6, 2007.  Plaintiff's counsel offers no explanation for her failure to seek these declarations prior to a three day holiday weekend on the eve of the day her response was due to the Court.  Regardless, the Court is wary to deny plaintiff the opportunity to have his case decided on the merits due to his counsel's failure to abide by the rules.  Plaintiff's motion for leave to file an untimely response is therefore granted.  That said, any future violations of either the FRCPs or the local rules will be viewed

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO FILE LATE
AND OVERLENGTH RESPONSE - 2

1 harshly by the Court and may very well subject plaintiff's counsel to sanctions.[1]

2 **B.      Request for Leave to File Overlength Response**

3        The Court now turns to plaintiff's request for leave to file an overlength response.  Local Rule 7(f) states that such requests are "disfavored" and requires that they be filed "at least three judicial days before the underlying motion or brief is due, and shall be noted for consideration on the day on which it is filed, pursuant to CR 7(d)(1)."  Plaintiff's counsel filed her request two days *after* her response was due and made almost no effort to justify why she required additional pages to respond to defendants' motion.  Making matters worse, plaintiff's counsel made the following representation to the Court in her motion for leave: "Counsel for plaintiff can assure the court that her memorandum of law will not exceed thirty pages."  Plaintiff's Motion at p. 6.  Plaintiff's response was filed on September 11, 2007, a day later than requested in her motion, and was 31 pages long.  The Court has reviewed plaintiff's response and does not believe there is a basis to grant leave to file a response longer than the 24 pages provided by the local rule.  Counsel for plaintiff is therefore directed to re-file her response in accordance with the page limits provided by Local Rule 7(e) by 10:00 a.m. on Monday, September 17, 2007.[2]

### III.  CONCLUSION

       For the reasons explained above, plaintiff's motion for leave to file a late and overlength response (Dkt. #15) is GRANTED IN PART and DENIED IN PART.  The Clerk of the Court is directed to strike plaintiff's response (Dkt. #23, continued into Dkt. #24) and re-note defendants'

---

[1] The Court also notes that plaintiff's counsel incorrectly noted her motion for leave for September 14, 2007.  Under Local Rule 7(d)(2), the motion should have been noted for September 17, 2007.  Because the Court is nevertheless granting plaintiff leave to file an untimely response, this Order is issued prior to receiving plaintiff's reply.

[2] Plaintiff's counsel should be aware that the Court will strictly construe the formatting restrictions imposed by Local Rule 10.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO FILE LATE
AND OVERLENGTH RESPONSE - 3

1  motion for summary judgment (Dkt. #11) for September 21, 2007.  Defendants now have until
2  midnight on September 21, 2007 to file their reply.

4       DATED this 13th day of September, 2007

                                    /s/ Robert S. Lasnik
                                    Robert S. Lasnik
                                    United States District Judge

26  ORDER GRANTING IN PART AND
    DENYING IN PART PLAINTIFF'S
    MOTION FOR LEAVE TO FILE LATE
    AND OVERLENGTH RESPONSE - 4